UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS ORTIZ,<br><br>        Petitioner,<br><br>     -v.-<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>        Respondent. | 22 Civ. 10327 (JHR)<br><br>OPINION & ORDER |

JENNIFER H. REARDEN, District Judge:

  Petitioner Luis Ortiz, currently incarcerated at Collins Correctional Facility,[1] brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the immigration detainer issued against him by Respondent, the United States Department of Homeland Security ("DHS"). *See* ECF No. 2 (Pet.). Respondent moves to dismiss the petition under Federal Rule of Civil Procedure 12(b)(1). *See* ECF No. 12 (Mot.). Petitioner's response to the motion seeks, *inter alia*, to (1) amend his petition to add Edward Burnett, Superintendent of Fishkill Correctional Facility, and the Department of Correction and Community Supervision ("NYSDOCCS") as Respondents;[2] and (2) transfer the petition "to the 2nd Circuit Court of Appeals which, according to Respondent, . . . has actual jurisdiction over this petition." *See* ECF No. 19 (Opp.) at 3.

  The Court grants Petitioner leave to amend and construes the amended petition as requesting both review of his removal orders and transfer of the petition to the Court of Appeals

---

[1] At the time Mr. Ortiz filed his petition, he was incarcerated at Fishkill Correctional Facility in Beacon, New York. *See* ECF No. 2. According to Mr. Ortiz, he was transferred from Fishkill to Collins in December 2024. *See* ECF No. 28. Mr. Ortiz remains in NYSDOCCS custody at Collins, with an earliest possible conditional release date of October 23, 2025. *See* NYSDOCCS, Incarcerated Lookup, Luis Ortiz, Prisoner No. 17A5242, https://nysdoccslookup.doccs.ny.gov/.

[2] Petitioner does not substantively challenge his confinement at Fishkill Correctional Facility or Collins Correctional Facility.

for the Second Circuit.  For the reasons set forth below, the Court dismisses the amended petition.

## I.     BACKGROUND

**A.     Factual Background[3]**

Petitioner is a native and citizen of El Salvador who "entered the United States without inspection, admission, or parole on or about November 30, 1992." ECF No. 14 (Decl.) at ¶¶ 3-4.  On July 1, 1998, Petitioner was served with a Notice to Appear ("NTA") "charg[ing] him as removable pursuant to Immigration and Nationality Act ('INA') section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled . . . [and] requir[ing] [him] to appear before an immigration judge for a removal hearing on September 1, 1998." *Id.* ¶¶ 5.  When Petitioner did not appear for the removal hearing, the immigration judge "proceeded in absentia and ordered his removal to El Salvador." *Id.* ¶ 6.  Petitioner neither moved to reopen the in absentia order (the "1998 Removal Order") nor filed an appeal to the Board of Immigration Appeals. *Id.*

"In a parallel path of events, Petitioner married [a United States citizen] on May 22, 1995." *Id.* ¶ 7.  On October 24, 1995, Petitioner's spouse filed a petition for alien relative (Form I-130) on behalf of Petitioner, which the Immigration and Naturalization Service ("INS") approved on November 14, 1996, "granting [Petitioner] conditional lawful permanent residence status." *Id.* ¶ 8.  After Petitioner and his spouse "failed to appear for interviews on May 8, 2000

---

[3] In resolving a Rule 12(b)(1) motion, the district court "must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Marino v. Coach, Inc.*, 264 F. Supp. 3d 558, 564 (S.D.N.Y. 2017) (citation omitted).  Additionally, "[w]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *APWU v. Potter*, 343 F.3d 619, 627 (citation omitted).  The Court therefore considers the facts alleged in the petition and set forth in Respondent's declaration.

and May 1, 2003 for their joint petition to remove the conditions on [Petitioner's] conditional lawful permanent residence status . . . [the] U.S. Citizenship and Immigration Services ('USCIS') considered the joint petition abandoned and terminated Ortiz's conditional lawful permanent resident status." *Id.* ¶¶ 9-10.

Respondent again served Petitioner with an NTA on May 8, 2006, "charging him with removability under 8 U.S.C. 1227(a)(1)(D), INA section 237(a)(1)(D), in that his permanent resident status on a conditional basis was terminated after admission or adjustment." *Id.* ¶ 11. The NTA required Petitioner to appear on May 30, 2006 for a removal hearing. *Id.* When Petitioner did not appear, the "immigration judge proceeded in absentia and ordered his removal to El Salvador." *Id.* ¶ 12. As with the 1998 Removal Order, Petitioner did not seek to reopen or appeal the in absentia order (the "2006 Removal Order"). *See id.*

Petitioner was arrested on December 3, 1998 by the Mamaroneck Village Police Department and charged "with one count of course of sexual conduct against a child in the first degree." *See id.* ¶ 14. Petitioner left the United States "[a]t some unknown time after December 3, 1998." *Id.* ¶ 15.

On May 2, 2017, at the request of the U.S. Marshals Service, Respondent issued a temporary parole to facilitate Ortiz's return to stand trial in the United States for the aforementioned crime. *Id.* ¶ 16. On May 3, 2017, Ortiz was paroled into the United States, into the custody of the Mamaroneck Village Police Department, and detained at the Westchester County Jail in Valhalla, New York. *Id.* ¶ 17. Respondent then issued an Immigration Detainer – Notice of Action (the "Detainer") with the Westchester County Jail. *Id.* ¶ 18. On December 19, 2017, Petitioner "pleaded guilty to course of sexual conduct against a child in the first degree, two or more acts against a child, in violation of [New York Penal Law] § 130.75(A)," and was

3

sentenced to 10 years in jail. *Id.* ¶ 19. Since December 28, 2017, Petitioner has been incarcerated in NYSDOCCS custody. *Id.* ¶ 20.

Petitioner is not now and "has never been detained by . . . [or] in the physical custody of DHS." *Id.* ¶ 21. Petitioner's earliest possible eligibility for conditional release is on October 23, 2025. *Id.* "The maximum expiration date of his sentence is March 29, 2027." *Id.* "ICE intends to detain [Petitioner] once he is released from state custody." *Id.*

**B.    Procedural History**

On December 5, 2022, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that the Detainer "violates [his] constitutional rights as an [sic] married American citizen, warranting this 28 U.S.C. § 2241 petition's resolution via hearing."[4] Pet. at 5. Petitioner argues that "his marriage certificate and son's birth certificate will substantiate [that] [he] is a United States Citizen through marriage." *Id.*

On January 4, 2023, Chief Judge Laura Taylor Swain granted Petitioner leave to proceed *in forma pauperis*, that is, without prepayment of fees. *See* ECF No. 4. On April 3, 2023, Respondent moved to dismiss the petition for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See* Mot.; ECF Nos. 13 (Return to Habeas Pet.); 14 (Decl.); 15 (Br.).

On June 7, 2023, Petitioner responded to the motion to dismiss, *see* Opp., seeking leave to amend the Petition to "(i) add Edward Burnett, Superintendent of Fishkill Correctional Facility and The Department of Correction and Community Supervision (D.O.C.C.S.) as the custodians," *id.* at ¶ 4; (ii) request "a transfer of his petition to the 2nd Circuit Court of Appeals which,

---

[4] Here, "the record is sufficient to resolve the matter without an evidentiary hearing." *Arias v. Decker*, 459 F. Supp. 3d 561 (S.D.N.Y. 2020) (citing *Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998)) (declining to hold a hearing on a habeas petition under 28 U.S.C. § 2241).

4

according to Respondent, said Court has actual jurisdiction over this petition," *id.* ¶ 5; and (iii) "include a challenge to Petitioner's 'eventual DHA Confinement' due to the retainer [sic] issued by DHS" *id.* ¶ 8.

On August 7, 2025, Petitioner requested that the Court appoint "immigration counsel" to assist him in pursuing this case. *See* ECF No. 31.

## II.   LEGAL STANDARDS

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). "When assessing subject-matter jurisdiction, courts 'may refer to evidence outside the pleadings.'" *Martin v. United Bridge Cap., LP*, No. 21-1790-CV, 2022 WL 2166399, at *2 (2d Cir. June 16, 2022) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Cangemi v. United States*, 13 F.4th 115, 129 (2d Cir. 2021).

"The party invoking federal jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Martin*, 2022 WL 2166399, at *2 (quoting *Makarova*, 201 F.3d at 113). And while the court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff," *Natural Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir.2006) (citation and internal quotation marks omitted), "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it," *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (citation omitted).

Since Petitioner "is proceeding *pro se,* the Court construes his papers liberally 'to raise the strongest arguments that they suggest.'" *Hoyte v. Holder*, No. 10 Civ. 3460 (PAC) (JLC), 2011 WL 1143043, at *2 (S.D.N.Y. Mar. 25, 2011) (dismissing habeas petition under 28 U.S.C.

§ 2241 for lack of subject matter jurisdiction) (quoting *Diaz v. United States,* 517 F.3d 608, 613 (2d Cir.2008)). Notwithstanding the "special solicitude" afforded to *pro se* litigants, "*pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### III.     DISCUSSION

**A. The Court Grants Leave to Amend the Petition but Dismisses the Amended Petition for Lack of Jurisdiction.**

Petitioner "moves this Court to vacate his [2017] Immigration Detainer." Pet. at 5. He asserts that the Detainer "violates [his] constitutional rights as an [sic] married American citizen." *Id.* Petitioner further seeks to amend his petition to "include a challenge to Petitioner's 'eventual DHA [sic] Confinement' due to the retainer [sic] issued by DHS." Opp. ¶ 8. The Court grants leave to amend the petition.

In his amended petition, Petitioner challenges the Detainer issued to effectuate his 1998 and 2006 Removal Orders, citing his alleged status as "a United States Citizen through marriage." Pet. at 5. Petitioner also asserts that he "never received [the] 'Notice to Appear'" for his 1998 removal hearing and that he "was never served with [the] Notice to Appear" for his 2006 removal hearing. Opp. ¶ 3. Because Petitioner's arguments substantively challenge the validity of his 1998 and 2006 removal orders, the Court liberally construes the amended petition as an indirect challenge to those orders.[5] *See Diaz*, 517 F.3d at 613; *Sokolov v. Mayorkas*, No.

---

[5] Because Petitioner's arguments focus exclusively on the Detainer, the Court does not construe the amended petition as challenging Petitioner's current NYSDOCCS confinement. Nor does the Court "address whether Petitioner is considered for *habeas corpus* purposes to be in immigration custody, following the final order[s] of removal, notwithstanding his being physically in state custody. The Court of Appeals for the Second Circuit has held that a state

22 Civ. 4554 (LTS), 2022 WL 2819445, at *1 (S.D.N.Y. July 18, 2022) ("The Court . . . construes Petitioner's request for cancellation of removal as one seeking review of his removal order . . . .").

"As part of the REAL ID Act of 2005, Congress mandated that 'the sole and exclusive means for judicial review of an order of removal' should be 'a petition for review filed with an appropriate court of appeals.'" *Singh v. U.S. Citizenship and Immigr. Servs.*, 878 F.3d 441, 445 (2d Cir. 2017) (quoting 8 U.S.C. § 1252(a)(5)); *De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 618 (2d Cir.2007) ("[T]he REAL ID Act eliminated the availability of habeas corpus as a separate means of obtaining judicial review of a final order of removal."); *see Shabaj v. Holder*, 718 F.3d 48 (2d Cir. 2013) (holding that, "while *this* [Circuit] *court* would have jurisdiction to review any constitutional claims or questions of law properly raised in a petition for review, the *district court* [does] not have jurisdiction"). This "jurisdictional bar applies equally to preclude . . . an indirect challenge" to an order of removal. *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011) (holding that a "mandamus action [seeking] to compel USCIS to make a determination on the merits of [an] I–212 application [for permission to reapply for admission after deportation or removal] . . . [was] indirectly challenging [the plaintiff's] reinstated order of removal, and accordingly . . . that section 1252(a)(5)'s jurisdictional bar applie[d] equally to preclude such an indirect challenge").

---

prisoner" like Petitioner, who is "subject to a final order of removal, is in immigration custody and may challenge that custody in a Section 2241 petition." *Sokolov*, 2022 WL 2819445, at *2 n.3 (citing *Simmonds v. INS*, 326 F.3d 351, 354 (2d Cir. 2003)). "As explained below, however, more recent federal immigration law bars noncitizens from challenging a final order of removal in district court. Thus, whether Petitioner is technically in immigration custody is irrelevant to the Court's ruling and need not be decided by the Court." *Id.*

Because this Court is not "an appropriate court of appeals," 8 U.S.C. § 1252(a)(5)), it lacks jurisdiction to review the 1998 Removal Order and the 2006 Removal Order. On that basis, the Court dismisses the amended petition.

## B. The Court Denies Petitioner's Request to Transfer the Petition to the Court of Appeals for the Second Circuit.

Petitioner "'moves for a transfer of his petition to the 2nd Circuit Court of Appeals which, according to Respondent . . . has actual jurisdiction over this petition." Opp. ¶ 5. "If an action or appeal is mistakenly filed in the wrong court, § 1631 permits the court in which the action is filed, 'in the interest of justice, [to] transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed.'" *De Ping Wang*, 484 F.3d at 617 (quoting 28 U.S.C. § 1631). A petition seeking review of a final order of removal—here, the 1998 Removal Order and the 2006 Removal Order—"must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). A removal order "become[s] final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

Here, Petitioner was ordered removed on September 1, 1998 and again on May 30, 2006. *See* Decl. ¶¶ 6, 12. He neither appealed nor sought to reopen these orders. Petitioner therefore was required to file a petition for review no later than 30 days after each order of removal. 8 U.S.C. § 1252(b)(1). Nevertheless, Petitioner filed his original petition in 2022, 16 years after the 2006 Removal Order (i.e., the later of the two orders).

The Court declines to transfer the petition to the Court of Appeals for the Second Circuit because the petition would be untimely,[6] such that a transfer would not be "in the interest of justice." 28 U.S.C. § 1631. *See Sokolov*, 2022 WL 2819445, at *4 ("Transfer to the Court of Appeals is not permitted if the petition for review would be untimely.") (citing *De Ping Wang*, 484 F.3d 615, 617-18 (2d Cir. 2007)); *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 436

---

[6] Before the Supreme Court issued its opinion in *Riley v. Bondi* on June 26, 2025, 145 S. Ct. 2190 (2025), it was "the law of our Circuit" that "the thirty-day filing requirement [of § 1252(b)(1)] was jurisdictional, and when not satisfied, deprived [the Court of Appeals] of the power to review a petition [seeking review of a final order of removal]." *Castejon-Paz v. Bondi*, 143 F.4th 116, 118 (2d Cir. 2025) (citing *Bhaktibhai-Patel v. Garland*, 32 F.4th 180, 188 (2d Cir. 2022)). "*Bhaktibhai-Patel*'s jurisdictional holding, however, was abrogated by the Supreme Court in *Riley v. Bondi*, which held that § 1252(b)(1)'s thirty-day filing deadline is *not* jurisdictional." *Id.* (emphasis added). In light of this holding, Justice Sotomayor, in her dissenting opinion, stated: "The courts of appeals should consider applying standard principles of equitable tolling, which are likely available now that the Court has recognized that § 1252(b)(1)'s appeal deadline is not jurisdictional." *Riley v. Bondi*, 145 S. Ct. 2190, 2218 (2025) (Sotomayor, J., dissenting). "Even assuming that equitable tolling can apply to § 1252(b)(1)'s 30-day deadline, [Petitioner] has failed to show that he is entitled to its benefit. To obtain equitable tolling, a petitioner must show both 'that he has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way and prevented timely filing.'" *Fernandez-Arriaga v. Bondi*, No. 24-3323, 2025 WL 2452365, at *1 (9th Cir. Aug. 26, 2025) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see De Ping Wang*, 484 F.3d at 618-19 (stating that "[i]t is possible that in some future case, the particular circumstances that prevented a petitioner from seeking review within the 30–day time limit of § 1252(b)(1) would require us to reexamine whether that limit ought to be treated as jurisdictional," but that the petition of a petitioner "who failed to challenge his final order of removal for almost four years" was "not such a case"). While Petitioner claims lack of notice of his removal proceedings, he acknowledges receipt of a "Notice of Action" informing him of his immigration detainer on May 5, 2017. Pet. at 5. Even under Petitioner's version of events, he failed to challenge his final orders of removal for more than five years after learning of them. *See id.* at 5, 15 (stating that, "[o]n or around 05/05/17, the Petitioner was served a [sic] Immigration Detainer-Notice of Action," and that his petition was executed on November 14, 2022). "Thus, [Petitioner] has not shown any extraordinary circumstances warranting equitable tolling nor has he shown diligence based upon the delay in filing his [petition]." *Fernandez-Arriaga*, 2025 WL 2452365, at *1.

9

(2d Cir. 2005) ("Courts will not waste judicial resources by transferring a case that is clearly doomed.").

## C.  The Court Denies Petitioner's Request for Counsel.

"[T]here is no constitutional right to representation by counsel in habeas corpus proceedings." *United States v. Yousef*, 395 F.3d 76, 77 (2d Cir. 2005). Still, "courts may appoint counsel to a financially eligible habeas petitioner under the Criminal Justice Act when 'the interests of justice so require.'" *Cofield v. United States*, No. 17 Cr. 610-5 (LGS), 2022 WL 1177346, at *2 (S.D.N.Y. Mar. 14, 2022) (quoting 18 U.S.C. § 3006A(a)(2)(B)). "For the Court to order the appointment of counsel, the petitioner must, as a threshold matter, demonstrate that his claim has substance or a likelihood of success on the merits." *James v. Keyser*, No. 20 Civ. 03468, 2021 WL 1040474, at *2 (S.D.N.Y. Mar. 18, 2021) (internal quotation marks omitted) (citing *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). "Only then can the Court consider the other factors appropriate to determination of whether counsel should be appointed: '[petitioner]'s ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity.'" *Tarafa v. Artus*, No. 10 Civ. 3870 (JGK), 2010 WL 2545769, at *1 (S.D.N.Y. June 9, 2010) (quoting *Cooper v. A. Sargenti Co., Inc.,* 877 F.2d 170, 172 (2d Cir.1989)).

As previously explained, Petitioner's claim is jurisdictionally barred from consideration by this Court. His motion to appoint counsel is therefore denied as moot.[7] *See Cheng v. United*

---

[7] Even absent dismissal for lack of jurisdiction, the "interests of justice" would not warrant appointing pro bono counsel in this case. *Cofield*, No. 17 Cr. 610-5 (LGS), 2022 WL 1177346, at *2 (S.D.N.Y. Mar. 14, 2022) (quoting 18 U.S.C. § 3006A(a)(2)(B)). "[T]o prevail on a motion to rescind an *in absentia* removal order, the movant must show either 'that the failure to appear was because of exceptional circumstances' or that he or she 'did not receive notice in

10

*States*, 725 F. Supp. 3d 432, 436 (S.D.N.Y. 2024), *cert. denied before judgment*, 145 S. Ct. 1221 (2025), *and aff'd*, 132 F.4th 655 (2d Cir. 2025) (granting motion to dismiss and denying motion for counsel "absent a viable claim").

### IV.     CONCLUSION

In view of the foregoing, the Court dismisses Petitioner's petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 for lack of jurisdiction.  The Court declines to transfer the petition to the Court of Appeals for the Second Circuit because the petition for review would be untimely.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate all pending motions and to close this case. The Clerk of Court is further directed to mail a copy of this Order and all unreported cases cited herein to the *pro se* Petitioner.  *See Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009).

---

accordance with paragraph (1) or (2) of section 1229(a).'" *Alrefae v. Chertoff*, 471 F.3d 353, 358 (2d Cir. 2006) (quoting 8 U.S.C. § 1229a(b)(5)(C)).  "With regard to claims of nonreceipt under 8 U.S.C. § 1229a(b)(5)(C)(ii), there is a presumption that aliens receive notices of removal hearings that were properly mailed, and aliens who move to reopen claiming that they did not receive notice must rebut this presumption." *Id.*  "Aside from [two] vague, uncorroborated assertion[s]," *Caguana v. Holder*, 336 F. App'x 1, 4 (2d Cir. 2009) (summary order), in Petitioner's response to Respondent's motion that he "never received [the first] 'Notice to Appear'" and "was never served with [the second] 'Notice to Appear,'" Opp. ¶ 3—as well as an assertion that "had [he] received such notice he would have appeared . . . since [he] was waiting for such a hearing in order to be granted permanent resident status," *id.*—"[Petitioner]'s brief to this Court points to no evidence to rebut the presumption of receipt." *Caguana*, 336 F. App'x at 4.

SO ORDERED.

Dated: October 22, 2025
      New York, New York

                                                          JENNIFER H. REARDEN
                                                         United States District Judge

12